**BUILDING & CONSTRUCTION TRADES DEPARTMENT, AFL-CIO**

v.

**U.S. DEPARTMENT OF LABOR WAGE APPEALS BOARD, et al. Midway Excavators, Inc., Appellant.**

**No. 86–5229.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 27, 1987.

Decided Oct. 2, 1987.

Edward E. Shumaker III, Concord, N.H., for appellant.

Terry R. Yellig, Washington, D.C., for appellee.

G. Brockwel Heylin was on the brief for amicus curiae, Associated General Contractors of America, Inc., urging the reversal.

Joseph E. diGenova, U.S. Atty., R. Craig Lawrence, Rebecca L. Ross and Royce C. Lamberth, Asst. U.S. Attys., Washington, D.C., entered appearances for Dept. of Labor Wage Appeals Bd.

Before EDWARDS and STARR, Circuit Judges, and SWYGERT, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.[*]

SWYGERT, Senior Circuit Judge.

This case raises the question whether material delivery truck drivers employed by a construction contractor working on federal projects are covered by the Davis-Bacon Act, 40 U.S.C. § 276a *et seq.*[1] Workers covered by the Act are entitled to the prevailing Davis-Bacon wage rate. We affirm the district court's decision holding that regulation 29 C.F.R. § 5.2(j) applies to include the truck drivers as eligible for Davis-Bacon wages and we remand for the district court to determine whether the application of this rule is consistent with the intended coverage of the Davis-Bacon Act.

I

Between December 1978 and December 1980, appellant Midway Excavators, Inc. (Midway) was the prime contractor on eleven federally-funded construction projects subject to the Davis-Bacon and related Acts.[2] Appellant King Town Transportation, Inc. was a separate, but related corporation engaged in trucking operations for Midway and other companies.

In January 1981, the Wage and Hour Division of the United States Department of Labor (DOL) determined that certain truckers employed by Midway were not receiving Davis-Bacon wages. The DOL subsequently withheld the amount of backpay allegedly due, $14,397.78, from payments to Midway and King Town on the contracts.

---

[*] Sitting by designation pursuant to 28 U.S.C. § 292(a) (1982).

1. The Davis-Bacon Act, 40 U.S.C. § 276a(a), reads, in part:

   (a) The advertised specifications for every contract in excess of $2,000 to which the United States or the District of Columbia is a party, for *construction, alteration, and/or repair,* including painting and decorating, of public buildings or public works of the United States or the District of Columbia within the geographical limits of the States of the Union, or the District of Columbia, and which requires or involves the employment of mechanics and/or laborers shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics which shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the city, town, village, or other civil subdivision of the State in which the work is to be performed, or in the District of Columbia if the work is to be performed there; and every contract based upon these specifications shall contain a stipulation that *the contractor or his subcontractor shall pay all mechanics and laborers employed directly upon the site of the work,* unconditionally and not less often than once a week ...
   (emphasis added).

2. The Federal Water Pollution Control Act, 33 U.S.C. § 1372, and the Federal-Aid Highway Act, 23 U.S.C. § 113.

After filing for a stay of the backpay withholding, Midway and King Town filed with the Secretary of Labor a request for a ruling on the Davis-Bacon coverage issue. An assistant administrator of the Labor Department's Employment Standards Administration, relying primarily on 29 C.F.R. § 5.2(g) (which is now codified at section 5.2(j)), concluded that the drivers should have received Davis-Bacon wages. Section 5.2(j) states that "the transporting of materials and supplies to or from the building or work by the employees of the contractor or construction subcontractor," is within the definition of the terms "construction," "prosecution," "completion," and "repair," as they are used in the Davis-Bacon and related Acts.

Midway and King Town sought review of the assistant administrator's ruling. They argued that the drivers worked offsite and spent less than ten percent of their time at the federal project sites. They also argued that the assistant administrator's interpretation of 29 C.F.R. § 5.2(j) exceeded the intended coverage of the Davis-Bacon Act. In the hearing before the Wage Appeals Board (WAB) on September 29, 1983, the appellee Building and Construction Trades Department, AFL–CIO (Building Trades) participated as an intervenor in support of the assistant administrator. On December 13, 1983, the WAB held that the drivers were not covered by Davis-Bacon when delivering materials, supplies, and equipment to Midway's sites of construction from various third-party suppliers.

The WAB denied the Wage and Hour Division's motion to reconsider. Consequently, Building Trades sought judicial review of the WAB's decision and Midway and King Town intervened. On March 6, 1986, the district court granted Building Trade's summary judgment motion; denied summary judgment for the DOL, Midway, and King Town; denied the intervenors' crossclaims, in part; denied the intervenors' counterclaim; vacated the WAB's order; and remanded the case to the WAB for further proceedings.

## II

The district court reversed the WAB decision as arbitrary and capricious because the WAB had not explained adequately why the apparently applicable language of section 5.2(j) did not cover the drivers. The district court noted:

> The applicability of [section 5.2(j)] to the facts of this case could hardly be more self-evident. The truckers in this case are employees of the construction contractor, and it was their job to transport building materials and supplies to the construction site. Section 5.2(j) explicitly and unambiguously provides that such truckers are included within the provisions of the Davis-Bacon and related Acts.

*Building & Constr. Trades Dep't, AFL–CIO v. United States Dep't of Labor,* C.A. No. 84–0705, mem. op. at 7 (D.D.C. Mar. 6, 1986).

The WAB had concluded that the regulation did not apply because the truck drivers were "acting in the place of a commercial supplier." The district court found this reasoning "conclusory" and "inscrutable," but laboring under the deferential arbitrary and capricious standard of review, it sought to discern the agency's rationale. The district court found that *H.B. Zachry Co. v. United States,* 170 Ct.Cl. 115, 344 F.2d 352 (1965), could have suggested the agency's analysis. In *Zachry,* the Court of Claims searched for the legislative intent behind the Davis-Bacon Act. The *Zachry* court determined that Congress did not intend Davis-Bacon to include truckers who are employees of material suppliers and who transport materials to the construction site. 344 F.2d at 359–60. The court developed and applied a functional analysis for determining Davis-Bacon coverage: an employee performing the functions of a materialman is not covered; an employee functioning as a construction contractor is covered. *See id.* at 361.

The district court in the instant case assumed that the WAB based their reasoning upon the *Zachry* functional analysis. The WAB had concluded that the truckers were not covered because they acted in the place

of a commercial supplier. The functional analysis could thus be used to exclude these truckers as functional materialmen. The district court, however, rejected this argument. The functional analysis simply fails to explain why section 5.2(j) does not apply.[3]

 We agree with the district court's conclusion that section 5.2(j) plainly applies. Thus, the district court correctly determined that the WAB's decision was arbitrary and capricious. We believe, however, that one step remains in the analysis. Midway and King Town assert that if 29 C.F.R. § 5.2(j) is read to extend Davis-Bacon wages to laborers who work off the site, then the regulation is fatally inconsistent with the Davis-Bacon Act. They assert that the plain language of the Act extends Davis-Bacon wages only to employees of the contractor or subcontractor who are "employed directly upon the site of the work." 40 U.S.C. § 276a(a). Because the drivers spend only ten percent of their time directly upon the site of the work, Midway and King Town contend that the statute does not cover them. The WAB, however, did not reach Midway's statutory "site of the work" argument.

Citing *Securities & Exchange Comm'n v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947), the district court also declined to address the statutory argument stating that "the Board's decision does not stand or fall based on our view of the validity of an argument which the Board itself did not employ in reading its holding." *Building & Constr. Trades Dep't, AFL–CIO*, mem. op. at 9 n. 1. The *Chenery* case sets forth a rule for courts reviewing administrative decisions: when the agency's judgment is based on a determination that the "agency alone is authorized to make," a reviewing court "must judge the propriety of such action solely by the grounds invoked by the agency." 332 U.S. at 196, 67 S.Ct. at 1577. The *Chenery* rule, however, does not apply when the question presented is one of statutory construction. *Environmental De-*

*fense Fund, Inc. v. Costle*, 631 F.2d 922, 935 (D.C. Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 923, 66 L.Ed.2d 841 (1981). Thus, *Chenery* did not bar the district court from resolving the "site of the work" statutory question.

 Once the district court determined the applicability of 29 C.F.R. § 5.2(j), it should have then decided the statutory question raised by Midway and King Town. We therefore affirm the district court insofar as it reversed the WAB's decision and remand for the district court to determine whether section 5.2(j) is consistent with Davis-Bacon and related Acts. We also instruct the district court to invite the Secretary of the Department of Labor to intervene or otherwise participate in the proceedings on remand.

Affirmed in part; remanded in part.

---

**3.** The district court also rejected this assumed functional argument because it believed that the functional analysis does not apply to exclusive employees of the construction contractor.